LANDELL v. HOTCHKISS, appellant.

*Evidence — inference of act from proof of similar act about same time.*

A hog, while trespassing upon defendant's land, was shot twice, about an hour intervening between the shots. Defendant was seen to fire the second shot. *Held,* that there was evidence from which a jury might infer that defendant fired the first shot.

APPEAL from a judgment of the county court of Erie.

This action was for damages for shooting plaintiff's sow and killing her. The cause was commenced in a justice's court, and judgment for plaintiff recovered. An appeal was taken to the county court, and the cause tried in that court, and a verdict and judgment for the plaintiff again had for the value of the sow. It was proved on the trial that the animal was on defendant's land on the day she was shot, and was uninjured when first seen; soon after a shot was heard and the pig to squeal. On examination she was found to have been shot. In about an hour thereafter another shot was heard, the sow again squealed, the smoke of the gun was seen, and the defendant with the gun at his shoulder pointed toward where the hog lay. Immediately thereafter he took down his gun and walked hurriedly away. Plaintiff went to where the sow lay and found her injured fatally in the side, so that she had to be killed. It was shown that other persons with guns were seen in the vicinity. The defendant asked the court to charge that there was no proof that the first shot was fired by the defendant. The court refused so to charge, and defendant's counsel excepted.

*Joel L. Walker*, for appellant, cited *Gale* v. *Wells*, 12 Barb. 84; *Underhill* v. *N. Y. & H. R. R. Co.*, 21 id. 489; *Harris* v. *Wilson*, 1 Wend. 511; *Small* v. *Smith*, 1 Den. 583.

*Thayer & Benedict*, for respondent.

MULLIN, P. J. There is no direct proof that defendant fired the first shot. But having been caught firing the second shot, with the animal still on his land, and it being obvious that the defendant, if he shot her, did so because she was trespassing, the transaction, taken altogether, furnished evidence from which the jury might infer that defendant fired the first shot. The court had no right to refuse to submit the evidence to them.

Judgment must be affirmed.

*Judgment affirmed.*